IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| GABRIEL STEELE, individually, and as Executor of the Estate of AUTUMN STEELE, and as next of friend for minor G.S., Sean Schoff, as next of friend for minor K.S., and GINA COLBERT, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF BURLINGTON and JESSE HILL,<br><br>Defendants. | Civil No. 3:16-cv-105<br><br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' RESISTANCE TO DEFENDANTS' MOTION TO DISMISS COUNTS I-III** |

**COMES NOW** Defendants, City of Burlington ("City") and Officer Jesse Hill ("Officer Hill") by and through their attorneys, Betty, Neuman & McMahon, P.L.C., and for their Reply to Plaintiffs' Resistance to Defendants' Motion to Dismiss Plaintiffs' Counts I-III state:

Defendants' Motion to Dismiss and supporting arguments are not unclear.[1] Accordingly, substantial justice will only be served by a ruling on the merits of Defendants' Motion.

I. **Plaintiffs Have Not Pled Independent Constitutional Violations As To Each Plaintiff And Can Not Separately Recover For The Alleged Violations Of Autumn Steele's Constitutional Rights.**

Plaintiff did not plead specific constitutional violations for any rights held personally by Gabriel Steel, G.S., K.S. or Gina Colbert.  In Count I, Plaintiff alleges Defendant Hill "violated the *right of Autumn Steele* to be free from the use of excessive force." Complaint, ¶ 32.  In

---

[1] Defendants acknowledge their brief does not comply with Local Rule 7(i) through the inadvertent omission of a subject matter table of contents.  Defendants are able to provide an amended Motion to Dismiss with the table of contents without changing any of the substance of the brief.  However, it is disingenuous for Plaintiffs to assert that Defendants' arguments are "unclear" simply because there is no table of contents.  A table of contents would only serve as a quick reference to find particular pages for each argument, not the substance of the arguments contained therein.  Furthermore, this type of infraction is very different from that in *McCabe v. United States* where Plaintiff wholly failed to respond to one of two arguments raised in the motion to dismiss, causing the Court to find the resistance invalid for failing to brief, in any manner, the second issue raised in the motion.

Count II, Plaintiff alleges Officer Hill's actions "violated the ***right of Autumn Steele*** to substantive due process." Complaint, ¶ 51. At no time does the complaint allege that constitutional rights of any other party were violated.

Standing to assert a constitutional violation, and to be entitled to a resulting recovery or benefit from the violation, rests solely with the individual person constitutionally aggrieved by the action and not to third-parties. *See Alderman v. U.S.*, 394 U.S. 165, 174 (1969) (holding as a general rule "Fourth Amendment rights *are personal rights* which, like some other constitutional rights, *may not be vicariously asserted*.") (emphasis added). At best, the remaining Plaintiffs' "constitutional" claims are all derivative from the alleged violations of Autumn Steele's constitutional rights. Even if Plaintiffs could make such derivative claims under existing law, a contention Defendants deny, if there is no underlying constitutional violation of Autumn Steele's constitutional rights, then Plaintiffs' resulting derivative claims must also be dismissed.

II. **Plaintiffs' Complaint Does Not Support a Claim that Autumn Steele Was Intentionally Seized.**

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). The facts as plead must allow "the court to draw the ***reasonable*** inference that the defendant is liable for the misconduct alleged." (emphasis added) *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012). Plaintiffs suggest that this court should infer facts which go well beyond anything contained in the pleadings. There is no factual support to argue that Autumn Steele was "seized" for purposes of the Fourth Amendment. The allegations are that Officer Hill felt unreasonably threatened by the dog and fired his shot in the direction of the dog. Complaint ¶18-19. The family was within four feet. *Id.* Pointing the gun at the dog is different than pointing

the gun at any of the Plaintiffs. Autumn Steele's mere presence in the vicinity at the time Officer Hill drew his service weapon does not constitute an intentional seizure of her. Any attempt to add further facts goes well beyond a reasonable inference.

Examples of other *unreasonable* inferences suggested by Plaintiffs include the claim that Autumn Steele would not be allowed to walk away from the scene due to an alleged violation of a no-contact order goes well beyond the plead facts; a claim that Autumn Steele should be viewed as a fleeing "suspect" being pursued by Officer Hill at the time he approached her on arrival to the scene of the call; and a claim that Officer Hill was pursuing or attempting to restrict Autumn Steele's freedom of movement in any manner upon arrival, or that she was attempting to flee in any manner. (emphasis added) PL.RES., pgs. 11-13. Further *unreasonable* inferences include claims that Officer Hill was actually shooting at Autumn Steele when the dog became an impediment or obstacle that got in the way of that action. (emphasis added) PL.RES., pgs. 11; 14.

Plaintiffs' reliance on *Moore v. Indehar* is misplaced and distinguished by the facts pled in Plaintiffs' Complaint. PL.RES., pgs. 12-13. In *Moore*, the officer shot towards two fleeing suspects or persons-of-interest after responding to a shots-fired incident in the area. 514 F.3d 756, 758 (8th Cir. 2008). The officer asserted that he was trying to strike the other suspect, not Moore, when discharging his weapon. *Id*. at 760. Moore contended that the officer had intended to strike and seize him. *Id*. As admitted in Plaintiffs' Complaint, the family dog was the intended target of Officer Hill. Complaint, ¶ 47. The Eighth Circuit case law is clear that an unintended, inadvertent target of a police officer's discharge of his service weapon is not seized for purposes of a Fourth Amendment claim. *Id*. (citations omitted); *see also Simpson v. City of Fort Smith*, 389 F. App'x 568, 2010 WL 3119791, at *3 (8th Cir. 2010) (unpublished).

Accordingly, Plaintiffs' complaint fails to allege facts that support a Fourth Amendment claim and dismissal of Plaintiffs' Count I is proper.

The Court need not address Plaintiffs' argument that the seizure of Autumn Steele was objectively unreasonable because there is no intentional seizure plead under the Fourth Amendment standard.

### III.     Plaintiffs' Complaint Does Not Support There Was An Intent To Harm Autumn Steele.

Plaintiffs' failed to plead facts, as opposed to mere conclusions, that subject this claim to the scrutiny of "actual deliberation" and application of the deliberate indifference standard. Contrary to Plaintiffs argument, "actual deliberation" in the constitutional sense is not a question of fact for the jury to determine; rather it is an application of a legal principle set forth and defined by the United States Supreme Court. *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998).  Only reasonable inferences from the pleadings can be considered.  Taken in the light most favorable to Plaintiffs, the allegations suggest that there is only a short period of time between the arrival of Officer Hill on the scene and the shooting.  The complaint alleges that as Officer Hill approached Autumn Steele she was shouting at Gabriel.  ¶16.  As he moved toward her the family dog approached him.  ¶17.  Hill was unreasonably threatened and he fired his service weapon at the dog.  ¶18.  The only reasonable inference that can be drawn is that the incident happened in a short period of time.  There are no allegations of ongoing discussion or passage of time.  There are no facts that allow such a conclusion to be drawn.  The "intent to harm" standard is the appropriate standard to apply. *Id.* at 853.

Plaintiffs further fail to respond directly to the argument that the Complaint fails to assert facts that Officer Hill had the specific intent to harm Autumn Steele and with malice or sadistic intent directed towards her. *Truong v. Hassan*, 829 F.3d 627, 631-1 (8th Cir. 2016). Rather,

4

Plaintiffs focus on the allegation that Officer Hill fired his weapon in the direction of the family dog while Gabriel Steele was holding a minor, G.S., in his arms.  These facts add no support as to whether Officer Hill acted in an arbitrary manner with the intent to harm Autumn Steele, the person whose rights are claimed to have been violated.  The facts plead fall short of any claim that Officer Hill maliciously or sadistically intended to harm Autumn Steele and further fall short of the necessary intentional type of conduct required to support a constitutional violation for civil recovery.  Accordingly, dismissal of the alleged Fourteenth Amendment claim is proper.

**WHEREFORE** Defendants, City of Burlington and Officer Jesse Hill, respectfully request that this Court grant their Motions to Dismiss Plaintiffs' Counts I-III, enter an order dismissing such claims, and for such other and further relief the Court deems equitable and just.

BETTY, NEUMAN & McMAHON, P.L.C.

By:   */s/ Martha L. Shaff*
       Martha L. Shaff         #AT0007215

By:   */s/ Brandon W. Lobberecht*
       Brandon W. Lobberecht #AT0011918

1900 East 54th Street
Davenport, IA 52807-2708
T: 563-326-4491
F: 563-326-4498
E: mls@bettylawfirm.com
   bwl@bettylawfirm.com

**ATTORNEYS FOR DEFENDANTS, CITY OF BURLINGTON and OFFICER JESSE HILL**

## **CERTIFICATE OF SERVICE FOR ELECTRONIC FILINGS**

I hereby certify that on  January 25, 2017 , I electronically filed the foregoing document with the Clerk of Court using the ECF system and a true copy of the foregoing was served either electronically or by U.S. First Class Mail upon the following:

    David A. O'Brien
    Dave O'Brien Law
    1500 Center St NE
    Cedar Rapids, Iowa 52402
    T: 319-861-3001
    F: 319-861-3007
    E: dave@daveobrienlaw.com

    John M. Shelnutt
    Shulnutt Law Firm
    601 S 5th
    Gadsden, AL 35901
    T: 256-547-4988
    E: jms@shelnuttlaw.com

    Adam J. Klein
    Law Offices of Adam J. Klein
    6 Concourse Parkway, Suite 2920
    Atlanta, GA 30328
    T: 678-825-5529
    F: 404-475-3091
    E: aklein@adamkleinlaw.com

    Trent A. Henkelvig
    Henkelvig Law
    314 N. 4th St.
    Burlington, IA 52601
    T: 319-753-5411
    F: 866-255-4581
    E: TAHenkelvig@iabar.org

                                        /s/ Martha L. Shaff